## WOLSTOF v. HART.

(Supreme Court, Appellate Term, First Department.　December 30, 1915.)

DAMAGES ⬡⇒131—PERSONAL INJURIES—EXCESSIVE DAMAGES.

A judgment of $300 in an action for injury from the bite of a dog, where there was no evidence of the extent of the wound, except a narrow rent in plaintiff's trousers, that he had a scar near his knee of a size or depth not shown, that he lost 2 weeks from his business of carpet laying, etc., at which he earned $30 a week, and no showing of any expenses for medicine, or that the injury was permanent, was excessive, and would be reversed unless reduced to $150.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357-367, 370; Dec. Dig. ⬡⇒131.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Jacob Wolstof against Mary I. Hart. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered, unless plaintiff stipulate to reduce the judgment, in which case, judgment modified and affirmed.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Robert L. Noah, of New York City, for appellant.

Henry Frank and Milton Frank, both of New York City, for respondent.

GUY, J. Defendant appeals from a judgment obtained by the plaintiff for personal injuries occasioned by the bite of a dog owned by defendant. It appears that defendant, at the time the injury was received, was the owner of three dogs, one of which bit the plaintiff while he was at work in the kitchen of defendant's house. The only points raised by the appellant are that: (1) There is no evidence of the vicious character of the dogs; and (2) that the judgment is excessive. There is sufficient proof of the viciousness of the dogs and knowledge thereof by the defendant.

We are of the opinion, however, that the damages awarded the plaintiff by the judgment are excessive. There is no evidence of the extent or the seriousness of the wound made by the bite, except that there was a narrow rent in plaintiff's trousers and undersuit, upon the left leg, of about two inches in length; that he had a scar on the leg near the knee, at the time of the trial, the size or depth not stated; and that he lost 2 weeks' time by reason of the injury. He stated that his business was that of "carpet laying, upholstering, cabinetmaker, and decorator." He testified that his average earnings from his business were $30 per week. During the 2 weeks he claims to have been unable to work by reason of his injuries, he was able to attend at his place of business. He also testified that up to the time of the trial, which was some 3½ months after he was bitten, he was unable to work on carpet laying; but how much of his weekly income was composed of receipts from this branch of his business does not appear, nor did he

show that he had expended any money for medical attendance or medicine, or that his injury was permanent. The court below gave plaintiff judgment for the sum of $300. Under the circumstances disclosed, we think there should be a new trial, unless the plaintiff will consent to reduce the damages to the sum of $150.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event, unless plaintiff will stipulate within 5 days after entry and service of notice thereof of this order in the Municipal Court to reduce the judgment to $150, with appropriate costs in the court below, in which event the judgment, so modified, is affirmed, without costs to either party of this appeal. All concur.